UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BAB SYSTEMS, INC., et al., )
)
               Plaintiffs, )
)
vs. )    05 C 3038
)
PILATUS INVESTMENT GROUP INC., et al., )
)
             Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

The following matter is before the court on Defendants', Pilatus Investment Group, Inc. and Kibok Lee ("Defendants"), motion to dismiss Plaintiffs', Bab Systems, Inc. and BAB, Inc. ("Plaintiffs"), complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2), (6) and (7). For the foregoing reasons, Defendants' motion is denied.

## BACKGROUND

Plaintiffs are Illinois corporations with their principal places of business in Deerfield, Illinois. Defendant Pilatus is a California corporation with its principal place of business in Orange County, California. Defendant Lee is a resident of Irvine, California.

BAB Systems operates a franchise distribution system pursuant to which franchisees are licensed to operate retail stores specializing in the sale of bagels, cream cheeses, muffins, coffee, and related food items under various trademarks and service marks including, but not limited to, "Big Apple Bagels," "Brewster's," and "My Favorite Muffin" ("BAB trademarks"). BAB, Inc. is a holding company and the sole shareholder of BAB Systems, Inc. BAB, Inc. owns the BAB trademarks and service marks that it has licensed to BAB Systems for use in connection with BAB Systems' franchising business.

On September 19, 1995, BAB Systems entered into a franchise agreement for a "Big Apple Bagels" franchise with Paul and Mary Ellen Bretag ("Bretags") establishing a store at Gateway Center, 24000 Alicia Parkway, Mission Viejo, California ("the Store"). The franchise agreement was then assigned by the Bretags to BBH, Inc. ("BBH"). BBH is a California corporation owned by the Bretags along with Richard and Margaret Bellettini ("Bellettinis"). As consideration for the right to operate the franchise BBH promised to ensure the non-disclosure or misuse of confidential and proprietary information. The assignment was accepted by Plaintiffs.

According to Plaintiffs, the franchise agreement granted BBH a limited license to use the BAB trademarks and the right to use confidential and proprietary information. The agreement barred BBH's right to transfer the franchise without

-2-

Plaintiffs' written approval. Additionally, the agreement granted Plaintiffs a right of first refusal as to any proposed transfer of the franchise or its assets, as well as allowed Plaintiffs to purchase the franchise store and its assets in the event that the agreement was not renewed.

In May of 2005, BBH sold the business and assets of the store to Defendants without any attempt to transfer the franchise. The transaction took place without Plaintiffs' knowledge or consent. According to the Complaint, Defendants knew of the existing franchise agreement and its terms prior to the purchase. Defendants re-opened the restaurant under the name "Big Bagels Deli."

On May 20, 2005, Plaintiffs initiated this suit against Defendants alleging: 1) tortious interference with contract; 2) misappropriation of trade secrets; 3) trademark infringement in violation of the Lanham Act; 4) unfair competition in violation of the Lanham Act; 5) common law unfair competition; 6) injunctive relief for misappropriation of trade secret; and 7) injunctive relief for trademark infringement and unfair competition.

Defendants now bring the instant motion to dismiss Plaintiffs' complaint, or portions thereof, on the basis that: 1) Plaintiffs fail to establish personal jurisdiction over Defendants; 2) Plaintiffs fail to name indispensable parties to the complaint; 3) Count II of the complaint, brought under the Illinois Trade Secrets Act ("ITSA"),

bars Plaintiffs' remaining tort claims; and 4) Plaintiffs fails to allege sufficient facts to support all of the asserted claims.

## LEGAL STANDARDS

### I. Rule 12(b)(2) - Personal Jurisdiction

Fed. R. Civ. Proc. 12(b)(2) governs motions to dismiss based upon lack of personal jurisdiction. Under this rule, the party asserting jurisdiction shoulders the burden of proof, but that party need only make a prima facie showing that jurisdiction exists. See Saylor v. Dyniewski, 836 F.2d 341, 342 (7th Cir.1988). The court must accept all well-pleaded facts within the complaint as true and resolve all factual disputes in favor of the party asserting jurisdiction. See id.

### II. Rule 12(B)(7) - Indispensable Parties

In ruling on a Rule 12(B)(7) motion to dismiss for failure to join an indispensable party under Rule 19, the court must accept the allegations of the complaint as true. Davis Comp. v. Emerald Casino, Inc., 268 F.3d 477, 479 (7th Cir.2001). The court may, however, look outside of the pleadings and consider extrinsic evidence. Davis, 268 F.3d at 480; English v. Cowell, 10 F.3d 434, 437 (7th Cir.1993).

### III. Rule 12(B)(1) - ITSA Bars Plaintiffs' Tort Claims

When deciding a motion to dismiss based upon Fed.R.Civ.P. 12(b)(1), the court construes the complaint liberally and is not bound to accept as true allegations of jurisdiction where a party properly raises factual questions of subject matter jurisdiction. Reason v. Heslin, 723 F.Supp. 1309, 1311 (1989). Furthermore, the court may look beyond the jurisdictional allegations to examine any evidence submitted to determine if subject matter jurisdiction in fact exists. Roman v. U.S. Postal Service, 821 F.2d 382, 385 (7th Cir.1987) (citing Grafon Corp. v. Hausermann, 602 F.2d 781, 782 (7th Cir.1979)); Sprague v. King, 825 F. Supp. 1324 (N.D.Ill.1993), aff'd, 23 F.3d 185 (7th Cir.), cert. denied, 513 U.S. 946, 115 S. Ct. 356 (1994).

### IV. Rule 12(B)(6) - Failure to Adequately State a Claim

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir.1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowsi v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir.1993). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). In order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir.1992).

The court must draw all reasonable inferences from the allegations in favor of the plaintiff, Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir.1991), and the plaintiff can plead conclusions in addition to facts. Kyle v. Morton High School, 144 F.3d 448, 455 (7th Cir.1998). However, any conclusions plead must "provide the defendant with at least minimal notice of the claim," id., and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." Perkins v. Silverstein, 939 F.2d 463, 466-67 (7th Cir.1991).

## DISCUSSION

### I. 12(B)(2) - Personal Jurisdiction

Defendants first contend that Plaintiffs have failed to establish that we have personal jurisdiction over them. When a case is before a court on the basis of diversity jurisdiction, a federal district court in Illinois may exercise personal jurisdiction over a nonresident defendant only if an Illinois state court would have jurisdiction. See RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir.1997); Dehmlow v.

Austin Fireworks, 963 F.2d 941, 945 (7th Cir.1992). Under the Illinois long-arm provision, a court may exercise jurisdiction over nonresident defendants for any cause of action arising from acts such as transacting any business within the state, committing a tortious act within the state, or making or performing any contract or promise substantially connected with the state. 735 ILCS 5/2-209(a). Furthermore, the statute provides that a court may exercise jurisdiction on any basis permitted by either the Illinois or federal Constitutions. 735 ILCS 5/2-209(c). Courts typically consider the reach of Illinois due process by looking to federal constitutional limits on jurisdiction. RAR, Inc., 107 at 1276-77.

Personal jurisdiction can be either general or specific. General jurisdiction arises when a defendant's activities are continuous and systematic, to the extent that it is proper for a court to exercise jurisdiction over the party for any action it takes. See Helicopteros Nacionales de Colombia, SA v. Hall, 466 U.S. 408, 104 S. Ct. 1868 (1984). Specific jurisdiction, by contrast, can be exercised when a suit arises out of or is related to the defendant's contacts within the forum. See id., at 414 n.8.

We agree with Defendants that their contacts with Illinois cannot be said to be so continuous and systematic that general jurisdiction is present in this case. With respect to the exercise of specific jurisdiction, we need look no further than the allegations of Count I alleging tortious interference with contract. Plaintiffs allege that

Defendants intentionally induced the BBH to breach the Franchise Agreement thereby injuring an Illinois Corporation, and therefore causing injury in Illinois. The Seventh Circuit has stated that, when tortious behavior is alleged, specific jurisdiction can lie in the place of the injury, even if the wrongdoer's behavior occurs wholly outside the borders of the forum state. Janmark, Inc. v. Reidy, 132 F.3d 1200, 1202 (7th Cir.1997).

Defendants contend that Janmark does not apply to the instant case because: 1) Plaintiffs' allegations describe an injurious consequence of BBH's breach of the franchise agreement instead of a tortious act; and 2) even if the harm of Defendants' actions was felt in Illinois, because the alleged injury is purely economic, Plaintiffs fail to show the Defendants intended said harm as required by Illinois law. We believe Defendants' first contention is more appropriately addressed under our Rule 12(b)(6) discussion and therefore turn to the remaining argument.

Defendants claim that, because the alleged tortious injury in this case is purely economic, Plaintiffs must show that they intended that the harm of their actions be felt in Illinois. See Interlease Aviation Investors II (Aloha) LLC v. Vanguard Airlines, Inc., 262 F. Supp. 2d 898, 910-11 (N.D. Ill.2003). While this is true, we do not agree with Defendants that such an allegation was not made. The statement that the Defendants intentionally induced the breach cited in the complaint carries with it a

reasonable inference that Defendants knew and appreciated that the effects of their actions would be felt in Illinois by the Plaintiffs, whom Defendants, because of their alleged knowledge of the Franchise Agreement, would have known were incorporated there. Consequently, specific personal jurisdiction exists in the instant action. Accordingly, Defendants' Rule 12(b)(2) motion must be denied.

**II. Rule 12(b)(7) - Indispensable Parties**

A 12(b)(7) motion to dismiss arguing that indispensable parties have failed to be joined as required by Rule 19 requires a two-step analysis. Bio-Analytical Servs., Inc. v. Edgewater Hosp., Inc., 565 F.2d 450, 452 (7th Cir. 1977). First, we must determine whether or not a party is necessary or, in Rule 19 nomenclature, a "person to be joined if feasible." Fed. R. Civ. P. 19(a); U.S. ex rel Hall v. Tribal Dev. Corp., 100 F.3d 476, 478 (7th Cir.1996). To determine if a party is necessary under Rule 19(a), courts examine whether: (1) complete relief can be accorded among the present parties to the lawsuit; (2) the absent party's ability to protect its interest will be impaired; and (3) any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent party is joined. Thomas v. U. S., 189 F.3d 662, 667 (7th Cir.1999).

Second, if a party is found to be necessary under Rule 19(a) but cannot be joined, the court must then decide if the action can proceed in "equity and good

conscience" without the necessary party, or whether it should be dismissed. Fed.R.Civ.P. 19(b). Rule 19(b) provides four factors to consider when determining whether a party is "indispensable." These factors include whether: (1) a judgment entered in the absence of the missing party will be prejudicial to the absent or existing party; (2) any such prejudice can be lessened or avoided by reshaping the judgment; (3) the judgment will be adequate; and (4) the plaintiff will have an adequate remedy if the action is dismissed. Moore v. Ashland Oil, Inc., 901 F.2d 1445, 1447 (7th Cir.1990).

Defendants argue that Plaintiffs' complaint should be dismissed because Plaintiffs fail to join BBH in the action. Defendants contend BBH is both a necessary and indispensable party because it was BBH's breach of the franchise agreement that resulted in the instant cause of action. Applying the aforementioned analysis, we disagree that BBH is a necessary party under step one, and therefore end our inquiry here.

Summarily, Plaintiffs contend that Defendants tortiously interfered with the franchise agreement, as well as benefitted from the misuse of trade secrets and trademarks, under both federal and state law. In order to satisfy each one of Plaintiffs' claims, affirmative steps individual to and made by Defendants need to be shown. Under the current factual scenario Defendants are correct that Plaintiffs' cause of action

would be nonexistent without BBH's breach of the contract agreement. The breach is only a necessary element to Count I, and only to the extent that we realize that a breach resulted from Defendants acts. Plaintiffs' remaining claims are strictly individual to Defendants and therefore it is unquestionable that BBH is unnecessary to the action. Consequently, because BBH is not a necessary party to the present action, Defendants' 12(B)(7) motion is denied.

### III. Rule 12(b)(1) - ITSA Claim Bars Plaintiffs' Tort Claims

Defendants next assert that Counts I and V of the complaint are barred by the ITSA, which provides in pertinent part:

> ...this Act is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of this State providing civil remedies for *misappropriation of a trade secret.* (emphasis added).
> 735 ILCS 1065/8(a).

As previously stated, Count I of the complaint alleges tortious interference with contract and Count V alleges Illinois common law unfair competition.

Defendant asserts that the genesis of Plaintiffs' tortious interference with contract claim revolves around the misappropriation of trade secrets. We do not agree. Plaintiffs contend under Count I that Defendants knew of the existing franchise agreement at the time that they induced BBH to sell the store, and that said inducement resulted in loss of proceeds Plaintiffs were entitled to receive from BBH had the

would be nonexistent without BBH's breach of the contract agreement. The breach is only a necessary element to Count I, and only to the extent that we realize that a breach resulted from Defendants acts. Plaintiffs' remaining claims are strictly individual to Defendants and therefore it is unquestionable that BBH is unnecessary to the action. Consequently, because BBH is not a necessary party to the present action, Defendants' 12(B)(7) motion is denied.

### III. Rule 12(b)(1) - ITSA Claim Bars Plaintiffs' Tort Claims

Defendants next assert that Counts I and V of the complaint are barred by the ITSA, which provides in pertinent part:

> ...this Act is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of this State providing civil remedies for *misappropriation of a trade secret.* (emphasis added).
> 735 ILCS 1065/8(a).

As previously stated, Count I of the complaint alleges tortious interference with contract and Count V alleges Illinois common law unfair competition.

Defendant asserts that the genesis of Plaintiffs' tortious interference with contract claim revolves around the misappropriation of trade secrets. We do not agree. Plaintiffs contend under Count I that Defendants knew of the existing franchise agreement at the time that they induced BBH to sell the store, and that said inducement resulted in loss of proceeds Plaintiffs were entitled to receive from BBH had the

franchise agreement not been breached. Although misappropriation of trade secrets is a central issue in Plaintiffs' complaint, it is evident that it is not the only one; it is certainly not the focus of Count I. Therefore, Count I of the complaint is not barred by the ITSA.

Similarly, Defendant contends that Plaintiffs' unfair competition claim hinges on the misappropriation of trade secrets. Again, we disagree. The ITSA defines trade secret as:

> "...information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:
> (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and
> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality."

765 ILCS 1065/2(d).

The complaint suggests that Defendants wrongfully acquired not only proprietary information, but also unlawfully utilized the BAB trademarks and thereby benefit from an unfair advantage in operating "Big Bagel Deli." 765 ILCS 1065/2(d) does not identify trademarks as falling under the umbrella of what constitutes a trade secret. Consequently, we do not feel that the ITSA bars Count V of Plaintiffs' complaint.

## IV. Rule 12(b)(6) - Failure to State a Claim

Defendants seek dismissal of each of Plaintiffs' asserted claims pursuant to Fed. R. Civ. Proc. 12(b)(6). For the most part, Defendants' arguments in support thereof ask that we make factual determinations. This is an inappropriate inquiry for us to make under the present motion. As previously stated, the depth of our review is confined to assessing whether Plaintiffs have posited adequate facts to place Defendants on notice of their asserted causes of action. Consequently, we address each count of the complaint in order under that standard.

### *A. Count I - Tortious Interference With Contract*

To properly plead a claim for tortious interference with a contractual relationship, the complaint must adequately allege: "(1) the existence of a valid contract between the plaintiff and a third party; (2) defendants' knowledge of the contract; (3) the defendants' intentional and malicious inducement of the breach; (4) subsequent breach by the third party due to defendants' wrongful conduct; and (5) damages resulting from the breach." Williams v. Shell Oil Co., 18 F.3d 396, 402 (7th Cir. 1994); Lawless v. Cent. Prod. Credit Ass'n, 592 N.E.2d 1210, 1216 (Ill. App. 1992), appeal denied, 602 N.E.2d 456 (Ill. 1992); Dangeles v. Muhlenfeld, 548 N.E.2d 45, 51-52 (Ill. App. 1989); Certified Mechan. Contractors, Inc. v. Wight & Co., Inc.,

515 N.E.2d 1047, 1052 (Ill. App. 1987); Audition Div., Ltd., v. Better Bus. Bureau of Metor. Chicago, Inc., 458 N.E.2d 115, 120 (Ill. App. 1983).

It is agreed that there was a contract, in the form of the franchise agreement, in place at the time that BBH sold the property to Defendants. The complaint also alleges that Defendants had knowledge of said contract and intentionally persuaded BBH to breach it. Plaintiffs contend that they have suffered lost profits as a result. Consequently, accepting these allegations as true, Plaintiffs have sufficiently stated a tortious interference with contractual relations cause of action.

## B.  *Count II - Violation of the ITSA*

To properly plead a claim for violation of the Illinois Trade Secrets Act, pursuant to 765 ILCs 1065/1, *et seq.*, the complaint must sufficiently put forth that the information at issue was: (1) a trade secret; (2) misappropriated; and (3) used in defendant's business. Standard Mut. Ins. Co. v. Mudron, 358 Ill. App. 3d 535, 832 N.E.2d 269, 272-73 (2005), appeal pending.

The complaint unmistakably sets forth that the information misappropriated by Defendants was secret in nature. Plaintiffs strengthen that allegation by showing that the franchise agreement precluded the franchisees from divulging said information. The complaint also indicates that Defendants acquired said information with the knowledge that it was to be kept secret under the franchise agreement; the complaint

goes as far as to say that Defendants did so willfully and maliciously. Finally, the complaint asserts that Defendants now utilize the alleged misappropriated information in the operation of "Big Bagel Deli." Accepting these allegations as true, we believe Plaintiffs have set forth adequate factual information to support a cause of action for violation of the ITSA. Accordingly, Defendants' motion under Fed. R. Civ. Proc. 12(b)(6) is denied as to Count II.

### C. Count III - Trademark Infringement Under §1114(1) of the Lanham Act

In order to establish a cause of action for trademark infringement under §1114(1), "a complainant must show that it has a protectable trademark and that the alleged infringer's use of that trademark is likely to cause confusion among consumers." Munters Corp. v. Matsui Am., Inc., 909 F.2d 250, 252 (7th Cir.), cert. denied, 498 U.S. 1016 (1990), citing The Forum Corp. of N. Am. v. The Forum, Ltd., 903 F.2d 434, 439 (7th Cir. 1990). In a trademark infringement suit, the key element a plaintiff must prove . . . [is] that there is a likelihood of confusion. See James Burrough Ltd. v. Sign of the Beefeater, Inc., 540 F.2d 266, 274 (7th Cir. 1976).

First, the complaint indicates that Plaintiffs owned a number of protectable trademarks. The complaint alleges that Defendants have used to their benefit said trademarks in the everyday operation of "Big Bagel Deli." Taking Plaintiffs' allegations as true and given the current stature of the "Big Apple Bagels" store, it is

reasonable to assume that the utilization of the marks in question would give rise to confusion amongst the "Big Bagel Deli" customers. Essentially, Defendants contend that the only similarity between Plaintiffs' franchise stores and "Big Bagel Deli" is that they sell similar items, and that they do not trade on the trademarks in question. Defendants' arguments are misguided at this point because they present questions of fact not appropriate under the current motion. Consequently, Plaintiffs' allegations are sufficient to support the present claim of trademark infringement.

### D. Count IV - Unfair Competition Under 43(a) of the Lanham Act

To prevail on a claim under section 43(a) of the Lanham Act, a plaintiff must show: "(1) that defendants attempted to sell their [product] by making false or deceptive representations to customers; (2) that defendants' false and deceptive representations and advertisements actually deceived a significant portion of the consuming public; [and] (3) that plaintiff was injured by defendants' conduct." Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197, 208 (9th Cir.1989). As with trademark infringement, actual confusion need not be shown to maintain a cause of action. Helene Curtis Indus., Inc. v. Church & Dwight Co., 560 F.2d 1325, 1330 (7th Cir. 1977), cert. denied, 434 U.S. 1070 (1978).

The complaint alleges that Defendants sell their "Big Bagel Deli" products under the guise of the "Big Apple Bagel" trademarks and in much the same way as is

required by Plaintiffs' alleged secret proprietary information. Given that the store in question has been in existence for approximately 10 years, although under different management, it is a reasonable inference to assume that a significant number of customers shop there. Taking Plaintiffs' allegation that Defendants are utilizing a number of Plaintiffs' trademarks in the existing business as true, it is reasonable to assume that a number of those customers have been deceived. The complaint is unmistakable in alleging damages. Therefore, we conclude that Plaintiffs have alleged sufficient facts to support a claim under Count IV.

### E. Count V - Common Law Unfair Competition

The parties have failed to provide us with, and our research has failed to uncover, specific elements necessary to allege a cause of action for unfair competition under Illinois common law. The Seventh Circuit has opined on the Illinois common law tort of unfair competition stating that, "the law of unfair competition . . . is elusive; its elements escape definition." Wilson v. Electro Marine Sys., Inc., 915 F.2d 1110, 1118 (7th Cir.1990). Generally, "plaintiff must allege that defendants have misappropriated plaintiff's 'labors and expenditures'." Lynch Ford, Inc. v. Ford Motor Co., 957 F. Supp. 142 (N.D.Ill.1997) (citing Wilson, 915 F.2d at 1118-19).

As previously indicated, the complaint shows that Plaintiffs own certain marks that they contend Defendants have misappropriated. Further, the complaint alleges that

Defendants are receiving unwarranted benefits as a result of their utilization of the misappropriated marks. Accepted as true, Plaintiffs' allegations sufficiently state a cause of action for Unfair Competition under Illinois common law.

## *F. Counts VI & VII - Injunctive Relief*

Counts VI and VII of Plaintiffs' complaint seek injunctions restraining Defendants from the continued misappropriation of trade secrets, trademark infringement and unfair competition. Defendants contend that Plaintiffs have failed to state a claim for injunctive relief. In determining whether to grant a claim for injunctive relief, the Court will look, as a threshold matter, to whether plaintiffs can show 1) a likelihood of success on the merits, 2) irreparable harm if the preliminary injunction is denied, and 3) the inadequacy of any remedy at law. Once this threshold showing is made, the court will balance 4) the harm to plaintiffs if the preliminary injunction were wrongfully denied against the harm to the defendant if the injunction were wrongfully granted, and 5) the impact on persons not directly concerned in the dispute (the "public interest"). Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir.1999).

Defendants contend that Plaintiffs fail to plead facts that are likely to succeed on the merits and that there is an adequate remedy at law for the claims Plaintiffs put forth. However, although not conclusive, the complaint clearly alleges a likelihood of success on the merits and asserts, as a general matter, that there is no adequate remedy at law.

Further Plaintiffs submit that without injunctive relief, because of the speculative nature of the alleged lost profits, they will suffer irreparable harm. Accepting those allegations as true, we find that Plaintiffs have set forth sufficient facts to request injunctive relief.

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss Plaintiffs' complaint pursuant to Rules 12(B)(1), (2), (6) and (7) are denied.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated:     October 27, 2005