UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BAB SYSTEMS, INC., an Illinois corporation and BAB, INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | 05 C 3038 |
| PILATUS INVESTMENT GROUP, INC, a California corporation, KIBOK LEE, BEE INVESTMENT, INC., a California corporation, and JAMES LEE, | ) ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before this Court are Defendants Bee Investment, Inc. ("Bee Investment") and James Lee's motions to dismiss for lack of personal jurisdiction, or in the alternative, for transfer of venue. For the following reasons, Bee Investment and James Lee's motion to dismiss for lack of personal jurisdiction is granted, and their motion to transfer venue is denied as moot.

# BACKGROUND

In 1995, Plaintiff BAB Systems, Inc., an Illinois corporation, entered into a contract (the "Franchise Agreement") with Paul and Mary Ellen Bretag ("the Bretags")

under which the Bretags were granted the right to operate a Big Apple Bagels store in Orange County, California ("the Store"). The Bretags assigned this right to BBH, Inc., a California corporation owned by the Bretags and Richard Bellettini and Margaret Bellettini (collectively, "the Franchisees"). The Franchise Agreement contained specific conditions with respect to the sale, termination, and renewal of the franchise as well as the protection of proprietary information. In particular, the Franchise Agreement prohibited the Franchisees from transferring the franchise or the store without the prior written approval of BAB Systems or from transferring the store separately from the franchise.

Plaintiffs allege that the Franchisees sold the Store and its assets, but not the franchise, to Defendants Kibok Lee and Pilatus Investment Group ("Pilatus"), who then operated the Store essentially as a Big Apple Bagels store in all but the name.

In their Amended Complaint, Plaintiffs seek to add California citizens Bee Investment and James Lee to this litigation. Defendants James Lee and Bee Investment acted as real estate agents for Kibok Lee, Pilatus, and the Franchisees in the sale of the Store. Plaintiffs allege that James Lee and Bee Investment knew that the Franchisees operated the Store pursuant to a Franchise Agreement and were aware of the provisions restricting the transfer of the Store. In addition, Plaintiffs allege that James Lee and Bee Investment falsely advertised the Store for sale without disclosing that the Store

was subject to the Franchise Agreement. James Lee and Bee Investment's actions, Plaintiffs claim, amount to tortious interference with contract and violation of two sections of the California Business and Professions Code prohibiting unfair business practices and deceptive advertising.

## LEGAL STANDARDS

Fed. R. Civ. P. 12(b)(2) governs motions to dismiss based upon lack of personal jurisdiction. Under this rule, the party asserting jurisdiction shoulders the burden of proof, but that party need only make a *prima facie* showing that jurisdiction exists. *See Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir. 1988). A court may receive affidavits to determine whether personal jurisdiction exists. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Once a defendant submits affidavits or other evidence to counter a plaintiff's assertion that jurisdiction exists, the burden shifts back to the plaintiff to submit affirmative evidence supporting jurisdiction. *Id.* at 782-83. However, the plaintiff is entitled to have all factual disputes arising from conflicts in the affidavits, and all undenied factual allegations, resolved in his or her favor. *Id.* at 782; *Saylor*, 836 F.2d at 342.

## DISCUSSION

As real estate brokers, Bee Investment and James Lee acted as buyers' and sellers' agents in the sale of the Store to Defendants Pilatus and Kibok Lee - a

transaction which took place entirely in California. Plaintiffs allege that Bee Investment and James Lee are nonetheless subject to personal jurisdiction in this Court because they were aware of the Franchise Agreement, knew about BAB Systems' rights with respect to the Store, and intended to harm Illinois-based BAB Systems. Bee Investment and James Lee dispute that this Court has personal jurisdiction over them, and in support of their claim, submit affidavits in which they assert that they have never transacted business in Illinois and they did not have any personal knowledge of Plaintiffs' business activities or their domicile in Illinois.

This Court has already addressed questions of personal jurisdiction in this case, holding that personal jurisdiction is proper over Defendants Pilatus and Kibok Lee based upon their alleged intent to interfere with Plaintiffs' contractual and intellectual property rights. *Bab Systems, Inc. v. Pilatus Inv. Group, Inc.,* 2005 WL 2850119 (N.D. Ill., Oct. 27, 2005). Plaintiffs now claim that our decision with respect to Pilatus and Kibok Lee should control with respect to Bee Investment and James Lee. However, a determination of whether personal jurisdiction exists is necessarily personal to each defendant, and so we cannot automatically apply our prior decision to Bee Investment and James Lee. *See Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 108 (1987) (jurisdiction proper only when minimum contacts result from

"actions by the defendent *himself* that create a 'substantial connection' with the forum State") (emphasis in original).

When a case is before a court on the basis of diversity jurisdiction, a federal district court in Illinois may exercise personal jurisdiction over a nonresident defendant only if an Illinois state court would have jurisdiction. *See RAR Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). The Illinois long-arm statute authorizes jurisdiction over nonresident defendants upon any basis permitted by either the Illinois or federal constitutions. 735 ILCS 5/2-209(c); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002) (noting that the permissible bases for jurisdiction under the Illinois long arm statute are not confined to those enumerated in 735 ILCS 5/2-209(a)). As the Seventh Circuit has suggested that there is little practical difference between the state and federal standards, *RAR, Inc.*, 107 F.3d at 1276-1277, we will examine the question of whether or not personal jurisdiction may be constitutionally imposed with reference to the federal due process clause.

Jurisdiction over a nonresident defendant is constitutionally permissible only when that defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). As Plaintiffs do not contend that either Bee Investment or James Lee had contacts with

Illinois sufficient to establish general jurisdiction, we examine whether or not Plaintiffs have made a *prima facie* showing that Bee Investment and James Lee should be subject to the specific jurisdiction of this Court.

A nonresident defendant can be subject to "specific jurisdiction" only if the suit arises out of or relates to his contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Specific jurisdiction exists when a defendant has "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (internal citations omitted). To determine whether a defendant could be said to have purposefully established minimum contacts with the forum state, courts ask whether or not "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.* at 474. A defendant may not be subjected to jurisdiction on the basis of "random," "fortuitous," or "attenuated" contacts, or on account of "the unilateral activity of another party or a third person." *Id.* at 475. However, where a defendant has deliberately engaged in actions creating a substantial connection with the state or has created continuing obligations between himself and residents of the forum, "he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits

and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Id.* at 475-76. Neither physical presence in the forum state nor more than a single act is required to establish specific jurisdiction. *Id.* Further, if defendant's out-of-state activities were "calculated to cause injury" in the forum state, jurisdiction may be proper. *Calder v. Jones*, 465 U.S. 783, 789 (1984).

Plaintiffs contend that our prior opinion, in which we held that we had personal jurisdiction in this case over co-defendants Pilatus and Kibok Lee, should control. In that opinion, we held that Plaintiffs' allegations that Pilatus and Kibok Lee knew about the Franchise Agreement, knew that Plaintiffs were located in Illinois, and had intentionally induced the Franchisees to breach the Franchise Agreement, were together sufficient to justify the imposition of personal jurisdiction. We rested our holding on two legal principles: first, where tortious behavior is alleged, specific jurisdiction can lie in the place of the injury, even if the wrongdoer's behavior occurs wholly outside the state, *Janmark v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997); and second, where the alleged tortious behavior is solely economic, plaintiffs must show that defendants intended that the harm of their actions be felt in Illinois. *Interlease Aviation Investors II (Aloha) LLC v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 910-11 (N.D. Ill. 2003). We concluded that Plaintiffs's allegations permitted us to infer that Pilatus and

Kibok Lee intended that the effects of their actions be felt in Illinois - and therefore that personal jurisdiction was proper. *Bab Systems, Inc. v. Pilatus Inv. Group, Inc.,* 2005 WL 2850119 (N.D. Ill., Oct. 27, 2005). Plaintiffs argue that, because the allegations against James Lee and Bee Investment with respect to the counts of tortious interference with contract are the same as the allegations against Pilatus and Kibok Lee, the same rationale that justified personal jurisdiction over Pilatus and Kibok Lee should apply to the newly added defendants, James Lee and Bee Investment.

While Plaintiffs' allegations against James Lee and Bee Investment are similar, the evidence presented to the Court concerning their involvement is very different. First, it is clear from the uncontested affidavits submitted by Bee Investment and James Lee that they lack *any* contacts with Illinois - they do not live here, have never done business here, nor have they even made so much as a phone call to Illinois with respect to the sale of the Store. More importantly, they have submitted affidavits in which they attest that they were unaware of Plaintiffs' business activities and their domicile in Illinois. At this stage, Plaintiffs may not rest upon the allegations of their complaint to establish jurisdiction, and we must presume the uncontested facts in the affidavits to be true. See *Purdue Research Foundation*, 338 F.3d at 782. Plaintiffs have not countered Bee Investment and James Lee's assertions, nor have they argued that they need additional discovery in order to determine a basis for personal jurisdiction.

Instead, Plaintiffs have submitted affidavits in which they assert that discovery is nearly complete, and almost all remaining discovery will be of parties located in Illinois.

Given Bee Investment and James Lee's denial of any knowledge of Plaintiffs' business activities, we have no basis for inferring, even at this stage, that Bee Investment or James Lee intended that the effects of their actions be felt in Illinois. Unlike Pilatus and Kibok Lee, Bee Investment and James Lee have presented specific, uncontroverted evidence that they did not know about Plaintiffs' business activities. Absent the requisite intent to harm an Illinois interest, there is no basis to hold that Bee Investment or James Lee had the requisite minimum contacts with Illinois that would support the imposition of personal jurisdiction upon them.

Even more, haling Bee Investment and James Lee into court in Illinois on the basis of their actions as third-party real estate brokers in California would not comport with "traditional notions of fair play and substantial justice." *See Int'l Shoe Co.*, 326 U.S. at 316. The actions of which they are accused are qualitatively different from those of Pilatus and Kibok Lee - instead of being the parties who are alleged to have directly induced the breach of the Franchise Agreement and are allegedly operating the Store using Plaintiffs' proprietary information and intellectual property, Bee Investment and James Lee are accused of facilitating a real estate transaction in

California which indirectly impacted upon BAB Systems' economic interests in Illinois. They no more belong in an Illinois court than the California title company or the registrar of deeds might. Given Plaintiffs' inability to counter the affirmative evidence that Bee Investment or James Lee did not know about Plaintiffs' business dealings, only a tenuous thread of suppositions ties Bee Investment and James Lee to Illinois. Imposition of personal jurisdiction upon Bee Investment and James Lee in this situation is neither just nor fair. *See Heritage House Restaurants, Inc. v. Continental Funding Group*, 906 F.2d 276, 282 (7th Cir. 1990)*; West Virginia Laborers Pension Trust Fund v. Caspersen,* 829 N.E. 2d 843, 848 (Ill. App. Ct. 2005).

## CONCLUSION

For the foregoing reasons, Defendants Bee Investment and James Lee's motion to dismiss for lack of personal jurisdiction is granted, and their motion to transfer venue is denied as moot.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated:   January 31, 2007